IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF DRAZAN and RORY O'DRISCOLL, | No. C 10-01371 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| ATLANTIC MUTUAL INS CO., ONEBEACON INSURANCE CO., and ONEBEACON INSURANCE GROUP LTD. | |
| Defendants. | |

Currently before the Court is the motion to dismiss filed by defendants Atlantic Mutual Ins. Co., OneBeacon Insurance Co., and OneBeacon Insurance Group Ltd. The motion is scheduled for hearing on July 2, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS in part and DENIES in part defendants' motion to dismiss.

**BACKGROUND**

Plaintiffs Jeff Drazan and Rory O'Driscoll seek to recover against defendants Atlantic Mutual Insurance Company, OneBeacon Insurance Company, and OneBeacon Insurance Group Limited for defendants' refusal to defend and indemnify FrontBridge Technologies, Inc. ("FrontBridge") in a suit filed in the United States District Court for the Western District of Texas, *MessageOne, Inc. v. FrontBridge Technologies, Inc. and MessageRite*, Civil Action No. A-04-CA-711 LY ("Underlying Action"). Complaint ¶ 1. Plaintiffs were executive officers, directors and shareholders of FrontBridge

at the time of the Underlying Action. *Id.* ¶ 5, 15. FrontBridge tendered a request for defense and indemnity in the Underlying Action on March 15, 2006, based on an insurance policy ("Policy") issued and renewed by Atlantic Mutual. *Id.*, ¶¶ 5, 7. In April 2006, defendants denied coverage for defense and indemnity. *Id.*, ¶ 8. Subsequently, the Underlying Action was settled and FrontBridge assigned all rights against defendants to plaintiffs. *Id.*, ¶¶ 8, 10.

Plaintiffs allege five claims against defendants: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud; (4) fraud - alternative theory; and (5) unfair business practices. Defendants move to dismiss, arguing that plaintiffs fail to adequately plead fraud, that plaintiffs cannot recover under the UCL or for punitive damages as assignees of FrontBridge's rights, and that the OneBeacon defendants should be dismissed because they are strangers to the insurance contract at issue.[1]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions

---

[1] Defendants also moved to dismiss the two fraud claims based upon the statute of limitations. Motion at 9-11. In response to plaintiffs' position that a tolling agreement exists covering the fraud claims, Opposition at 12, defendants withdrew their argument for purposes of this motion. Reply at 4-5.

of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### 1.   Fraud Claims

Plaintiffs' third cause of action (promissory fraud) is based upon allegations that defendants misrepresented to plaintiffs that they intended to provide benefits for claims of disparagement under the "personal and advertising injury" coverage of the Policy and "umbrella" coverage that was broader than the "primary" coverage, when defendants had no such intent at the time the representations were made. Complaint ¶¶ 49-50. Plaintiffs also claim that defendants intended to rely on confusing, poorly worded, inconspicuous and concealed language which Atlantic Mutual had drafted to justify a denial of policy benefits. *Id.* ¶ 50. Plaintiffs allege that defendants intended to induce plaintiffs to rely on the broader coverage promised by defendants by purchasing the Policy and forego purchase of alternative coverage. *Id.* ¶ 52.

Plaintiffs' fourth cause of action (fraudulent misrepresentation) is pled in the alternative: if the Court determines that the Policy does not cover plaintiffs' losses incurred in the Underlying Action for disparagement of a competitor's services or goods and misappropriation of a competitor's advertising ideas, plaintiffs allege that defendants' representations that such coverage was extended were false. *Id.*, ¶ 55.

Defendants argue that plaintiffs' fraud causes of action must be dismissed because they require a showing that at the time the parties entered into the insurance contract, Atlantic Mutual did not intend to fulfill its representations regarding coverage, and plaintiffs have failed to allege facts to support that showing. Motion at 11. Relying on *Miller v. National American Life Ins. Co.*, 54 Cal. App. 3d 331 (1976), defendants argue that evidence of a denial in coverage is not itself sufficient, but that other

circumstances indicating fraudulent intent must be alleged. In *Miller*, the Court noted that proof of the intent to defraud "may come by inference from circumstances surrounding the transaction, the relationship, and interest of the parties" and that "[s]ubsequent conduct of an insurer in processing a claim may support an inference of prior intent not to fulfill its representations." *Id.*, at 338-39 (internal quotation omitted).

Here, plaintiffs allege that defendants' intent not to provide the promised or expected coverage was manifested in defendants' "hasty repudiation of coverage, perfunctory investigation and strained and unreasonable policy interpretation." Oppo. at 14-15; Complaint ¶ 50. Plaintiffs also rely on allegations that the "perfunctory and factually unsubstantiated denial" invoked exclusions and language that were inapplicable or ineffectual to bar a duty of defense, Complaint ¶ 37, and that defendants' denial disregarded judicial authority that established plaintiffs' right to coverage. *Id.*, ¶42.

The Court finds that plaintiffs have, just barely, pled circumstances indicating an intent to defraud adequate to survive a motion to dismiss.

**2.     Unfair Competition Law Claim**

Defendants contend that as assignees of FrontBridge's rights under the Policy, plaintiffs cannot allege an unfair competition law ("UCL") claim because plaintiffs have not themselves suffered injury in fact and "lost money or property" as a result of defendants' conduct, as required under the UCL. *See* Bus. & Prof. Code § 17204. Defendants rely on *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993, 1001-02 (2009), which held that a union, as an uninjured assignee of the union members' UCL claims, lacked standing under the UCL. *Id.* Plaintiffs respond that they personally suffered injury in fact as shareholder representatives of FrontBridge who incurred a diminution in value of their interest in FrontBridge as a result of defendants' conduct. Oppo. at 15-16 (relying on *Sutter v. General Petroleum Corp*. 28 Cal. 2d 515 (1946) and *Truestone v. Travelers Ins. Co.*, 55 Cal. App. 3d 165 (1976)).

Plaintiffs, however, are not suing based upon their own claims. Instead they are suing as assignees of FrontBridge's claims for defendants' failure to defend and indemnify FrontBridge, not plaintiffs, in the Underlying Action. Complaint ¶¶ 5-7, 10. Moreover, as defendants point out, a

4

shareholder generally may not maintain an action in his or her individual capacity against a third party on the grounds that the third party's alleged wrong devalued the corporation's stock. In *Sutter v. General Petroleum*, 28 Cal. 2d 525, the Court identified two exceptions to that general rule. First, a shareholder can bring a derivative action on the corporation's behalf. *Id.*, at 530. Second, a shareholder can bring his or her own suit where the individual suffers a direct and individual injury. *Id.* In *Sutter*, the Court found that the plaintiff fell within the latter exception because he was personally induced to form a corporation, and the subsequent loss in value of his stock was a measure of his damage for the fraudulent inducement. *Id.*, at 530-31. Neither of the exceptions identified in *Sutter* apply here.

Plaintiffs' reliance on *Truestone*, *supra*, is similarly misplaced. In *Truestone*, the insurance policy was issued to both a closely held corporation and its sole shareholder. 55 Cal. App. 3d at 169, 171. As the sole shareholder was a named insured, the Court found that the implied covenant of good faith and fair dealing ran to the plaintiff directly. *Id.* Here, while plaintiffs were covered by the policy as officers and directors, there is no evidence that they were named insureds.[2]

For the foregoing reasons, plaintiffs do not have standing to pursue the UCL claim based on the assignment of FrontBridge's rights against defendants. The UCL claim, therefore, is DISMISSED without leave to amend.

**3.     Request for Punitive Damages**

Defendants also challenge plaintiffs' request for punitive damages, arguing that it is a settled matter of California law that assignees cannot seek punitive damages stemming from an assigned claim. In *Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937 (1976), the Court held that punitive damages claims, incident to an otherwise assignable "breach of the duty to settle" cause of action, are not assignable because they arose from the "personal tort aspect of the bad faith cause of action." *Id.*, at 942. In *Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal. 4th 1252 (2006), the Court noted that, "[a]lthough some damages potentially recoverable in a bad faith action, including damages for emotional distress and

---

[2] Defendants also point out that plaintiffs did not become shareholder representatives until after the policies at issue expired and, therefore, no misrepresentations could have been made to them personally. *Compare* Complaint ¶ 5 *with* Oppo. at 6:6-10.

5

punitive damages, are not assignable (*Murphy*, *supra*, 17 Cal.3d at p. 942), the cause of action itself remains freely assignable as to all other damages." *Id.*, at 1263; *see also Dugar v. Happy Tiger Records, Inc.*, 41 Cal. App. 3d 811 (1974) (assignee of fraudulent misrepresentation claims cannot be awarded punitive damages); *Ham v. Cont'l Ins. Co.*, 2009 U.S. Dist. LEXIS 19269, *13 (N.D. Cal. Mar. 2, 2009) ("Under California law, punitive damages are not assignable."); *Jewelers Mut. Ins. Co. v. ADT Sec. Servs.*, 2008 U.S. Dist. LEXIS 103282 (N.D. Cal. Dec. 22, 2008) (noting punitive damages are not assignable).

Plaintiffs attempt to justify their punitive damages claim by citing to an inapposite out-of-state case and arguing the *Murphy* and *Essex* courts did not address whether punitive damages could be assigned or whether punitive damages incident to an otherwise assignable claim could be assigned. Oppo. at 18. As the language quoted above demonstrates, both of those cases address whether punitive damages incident to an otherwise assignable claim could be assigned and held that they could not.

Finally, plaintiffs argue that they are entitled to punitive damages in their own right as after the assignment, defendants' conduct was directed to plaintiffs personally. Plaintiffs fail to acknowledge that the rights asserted under their implied covenant claim run only to the named insured, FrontBridge. *See, e.g., Truestone*, 55 Cal.App.3d at 171. Similarly, the alleged operative facts underlying the fraud claims (the alleged promises and misrepresentations) occurred prior to the assignment. Plaintiffs' request for punitive damages, therefore, is DISMISSED without leave to amend.

### 4. OneBeacon Defendants

Defendants also move to dismiss OneBeacon Insurance Company and OneBeacon Insurance Group Limited ("OneBeacon defendants") from the case on the grounds that FrontBridge entered into the Policy with Atlantic Mutual only and the OneBeacon defendants were strangers to the Policy. Plaintiffs respond by quoting from portions of the complaint that allege that all three defendants issued the Policy to FrontBridge, that all three defendants denied plaintiffs' tender, and that all three defendants are alleged to have acted by and through each other as parent and subsidiary corporations. Oppo. at 10; Complaint ¶¶ 5, 7, 11. These allegations, however, are insufficient under *Twombly*, 550 U.S. at 570. Plaintiffs must allege *facts* regarding the role each defendant played in each of plaintiffs' causes of

action.

In their Opposition brief, plaintiffs present additional allegations regarding the role that the OneBeacon defendants played. These allegations include the fact that defendant OneBeacon Insurance Company acquired Atlantic Specialty Insurance Company, a subsidiary of Atlantic Mutual and, thereby, the renewal rights to Atlantic Mutual's commercial insurance business. Oppo. at 10-11. Plaintiffs also submit that the OneBeacon defendants "shared resources" with Atlantic Mutual, which is evident from the April 12, 2006 denial letter delivered to FrontBridge. That letter was delivered on OneBeacon letterhead and signed by a OneBeacon examiner. Oppo. at 11.[3]

With respect to the breach of the implied covenant claim, the general rule is that a bad faith cause of action lies only against the insurer. *See, e.g., Gruenberg v. Aetna Ins. Co.,* 9 Cal. 3d 566, 576 (1973) (non-insurer defendants "were not parties to the agreements for insurance; therefore, they are not, as such, subject to an implied duty of good faith and fair dealing"). Plaintiffs rely on *Delos v. Farmers Group, Inc.*, 93 Cal. App. 3d 642, 650 (1979), which found that in the context of an inter-insurance exchange, the exchange's management group – which is the exchange's and subscribers' attorney-in-fact – could be held liable on a bad faith claim. *Id.* at 651-52. As the Court explained, "[i]f we were to accept the Group's argument and adhere to the general rule that 'bad faith' liability may be imposed only against a party to an insurance contract, we would not only permit the insurer to insulate itself from liability by the simple technique of forming a management company, but we would also deprive a plaintiff from redress against the party primarily responsible for damages." *Id.*

However, a more recent case holds that the managing agent for an inter-insurance exchange is not liable for tortious breach of the implied covenant of good faith and fair dealing unless the conditions for "alter ego" liability can be established. *Tran v. Farmers Group, Inc*., 104 Cal. App. 4th 1202, 1218–1219 (2002) (finding that a fiduciary duty did run between the attorney-in-fact and the subscriber/insured, but rejecting implied covenant claim in the absence of alter ego showing); *see also*

---

[3] Plaintiffs submit a Request for Judicial Notice, asking the Court to take notice of various documents, including Atlantic Mutual's 2004 annual statement and two press releases. The Court DENIES the request for judicial notice. As discussed below, specific facts regarding the OneBeacon defendants should be asserted, if plaintiffs can and choose to, in an amended complaint consistent with this Court's Order.

7

*Mesler v. Bragg Management Co.*, 39 Cal. 3d 290, 300 (1985) (bad faith liability may also be imposed on a person or entity shown to be a corporate insurer's alter ego); *Wady v. Provident Life & Acc. Ins. Co. of America*, 216 F.Supp. 2d 1060, 1068 (C.D. Cal. 2002) (under appropriate facts, a parent corporation may be held liable as the alter ego of its subsidiary, but the mere existence of a parent/subsidiary corporate relationship is not sufficient to pierce the corporate veil).

On the facts currently alleged in this case, the Court finds that the OneBeacon defendants cannot be held liable for the alleged breach of the implied covenant. The complaint contains no facts alleging that one or both of the OneBeacon defendants were acting as a management group for Atlantic Mutual or were Atlantic Mutual's or FrontBridge's attorney-in-fact, as in *Delos*. Further, the complaint fails to state any facts in support of an alter ego theory which might create liability for one of both of the OneBeacon defendants.

With respect to the fraud claims, as noted above, those claims turn on alleged promises and misrepresentations made to FrontBridge when the Policy was drafted. As the complaint is currently drafted, the OneBeacon defendants cannot be liable for the actions of Atlantic Mutual, the only party alleged to have drafted and signed the policy. *See* Complaint ¶¶ 1 ("as the disclosure of Atlantic Mutual's policy drafting history will reveal"); 49 (referring to Atlantic Mutual's manner and policy in drafting and identifying the Atlantic Mutual employees who signed the policy).

The Court, therefore, GRANTS defendants' motion to dismiss with leave to amend.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part and DENIES in part defendants' motion to dismiss. Plaintiffs' UCL claim and request for punitive damages are dismissed without leave to amend. Plaintiffs are granted leave to amend, as noted above, with respect to the OneBeacon defendants.

**IT IS SO ORDERED.**

Dated: June 29, 2010

SUSAN ILLSTON
United States District Judge

8