IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF DRAZAN and RORY O'DRISCOLL, | No. C 10-01371 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| ATLANTIC MUTUAL INS CO., ONEBEACON INSURANCE CO., and ONEBEACON INSURANCE GROUP LTD. | |
| Defendants. | |

Currently before the Court is the motion to dismiss plaintiffs' First Amended Complaint (FAC) filed by defendants OneBeacon Insurance Co. and OneBeacon Insurance Group Ltd (OneBeacon defendants). The motion is scheduled for hearing on September 3, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS the OneBeacon defendants' motion to dismiss.

**BACKGROUND**

The background facts of this case have been set forth in detail in the Court's prior Order and need not be repeated here. In short, this case is an insurance coverage dispute brought by plaintiffs Jeff Drazan and Rory O'Driscoll on claims assigned to them by the insured FrontBridge Technologies, Inc. ("FrontBridge"). Plaintiffs initially alleged that defendants refused to defend and indemnify FrontBridge in an underlying lawsuit under an insurance policy ("Policy") issued and renewed by unspecified "defendants." Complaint (Docket No. 1) at ¶¶ 5, 7. The Complaint, however, also referred

specifically to the "Atlantic Mutual Insurance Company policy," the "Policy drafted by Atlantic Mutual," and "Atlantic Mutual Insurance Company policies 761-00-58-0002 and 761-00-58-32-0003." *Id.* ¶¶ 49 -52, 55. The Complaint also claimed that the "policies" at issue were "signed by Atlantic Mutual's secretary Nancy E. Hadon and Atlantic Mutual President Kenneth C. Smith." *Id.*, ¶ 55.

In May 2010, the OneBeacon defendants moved to dismiss plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory fraud and fraudulent misrepresentation, arguing that they were strangers to the insurance policy and renewal at issue and could not be held liable on plaintiffs' claims.[1] The Court held that, with respect to the breach of contract and implied covenant claims, plaintiffs failed to state a cause of action against the OneBeacon defendants because the general rule is that those claims lie only against the party or parties to an insurance contract. The Court noted that narrow exceptions to that rule allow third-parties to be liable for breach of the implied covenant actions where third-parties act as the insurer's attorney-in-fact or plaintiff pleads facts showing an alter ego relationship exists between the insurer and the third-party. *See* June 29, 2010 Order (Docket No. 34) at 6-8. The Court also dismissed the fraud claims against the OneBeacon defendants, as all of the allegations in the Complaint concerned representations or misrepresentations made at the time the policies were drafted and entered into by defendant Atlantic Mutual. *Id.* at 8.

In their First Amended Complaint, plaintiffs now allege that in March 2004, after the issuance of the first policy, "OneBeacon Insurance Company, a subsidiary of OneBeacon Insurance Group Ltd, acquired Atlantic Specialty Insurance Company, a subsidiary of Atlantic Mutual Insurance Company, and the renewal rights to Atlantic Mutual's commercial insurance business (including the subject policies). . . . After this acquisition, on June 5, 2004, OneBeacon renewed the policy drafted by Atlantic Mutual, adopting to its own use the policy as drafted and receiving a premium for it. OneBeacon reiterated all representations in the policy and ratified them as its own." FAC ¶ 2.

The FAC further alleges that: "Following the purchase, OneBeacon Insurance Company shared

---

[1] Atlantic Mutual and the OneBeacon defendants also moved to dismiss plaintiffs' claims for unfair business practices and punitive damages, which the Court granted with prejudice. The Court denied the motion to dismiss with respect to plaintiffs' fraud claims against Atlantic Mutual.

2

resources with Atlantic Mutual," as evidenced by the denial of coverage letter, which was sent on OneBeacon Insurance Company letterhead and signed by a OneBeacon Insurance Group representative explaining that the position of "OneBeacon Insurance Group" was that the coverage under the policy did not apply. *Id*.

The OneBeacon defendants now move to dismiss the claims asserted against them by plaintiffs on the ground that plaintiffs still, as a matter of law, have failed to allege sufficient facts to establish their liability where neither of the OneBeacon defendants signed either of the policies at issue here.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

**1.  Breach of Contract and Implied Covenant Claims**

The OneBeacon defendants argue that plaintiffs have failed to address the central issue – that the insurance policy and its renewal were issued by Atlantic Mutual and not the OneBeacon defendants.[2] As the Court noted in its Order dismissing the Complaint, applicable case law holds that breach of insurance policy and "bad faith" claims based on the implied covenant of good faith and fair dealing lie only against the insurer, absent evidence that a third-party to the contract is acting as an attorney-in-fact or the alter ego for the insurer. *See, e.g.*, *Gruenberg v. Aetna Ins. Co.,* 9 Cal. 3d 566, 576 (1973) (non-insurer defendants "were not parties to the agreements for insurance; therefore, they are not, as such, subject to an implied duty of good faith and fair dealing"); *Delos v. Farmers Group, Inc.*, 93 Cal. App. 3d 642, 651-52 (1979) (third-parties acting as attorney-in-fact for insurance exchange and its subscribers could be liable on a bad faith claim); *Tran v. Farmers Group, Inc.*, 104 Cal. App. 4th 1202, 1218–1219 (2002) (finding that a fiduciary duty did run between the attorney-in-fact and the subscriber/insured, but rejecting implied covenant claim in the absence of alter ego showing); *see also* CACI 2300 (elements of cause of action for breach of contractual duty to pay a covered claim including that plaintiff suffered a loss which was covered under an insurance policy with defendant).

Plaintiffs allege no facts showing that the OneBeacon defendants acted as the attorney-in-fact, in a similar fashion to the management group acting on behalf of the participants in an insurance exchange in *Delos, supra*, 93 Cal. App. 3d at 652. Plaintiffs allege no facts showing that OneBeacon defendants are the alter ego of Atlantic Mutual. *Cf. Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1067 (C.D. Cal. 2002) (despite allegation that parent corporation issued denial of insurance coverage letter, alter ego liability was not adequately pled without allegations that parent corporation treats the assets of subsidiary as its own, that it commingles funds with subsidiary, that it controls the finances of subsidiary, that it shares officers or directors with subsidiary, that subsidiary

---

[2] The OneBeacon defendants admonish plaintiffs for failing to submit a copy of the policy and renewal at issue which, according to defendants, "unambiguously shows Atlantic Mutual as the issuing company on the declarations page." Motion to Dismiss at 10, n.1; *see also* Reply at 2, n.1. Plaintiffs, do not address, much less counter, defendants' assertion in their opposition brief or declaration submitted in support thereof. As the policy and renewal are referred to in the original and amended Complaint, the Court could take judicial notice of those documents had they been submitted.

is undercapitalized, or that the separateness of the subsidiary has ceased).

Plaintiffs rely solely on their amended allegations that the OneBeacon defendants – after OneBeacon Insurance Group acquired Atlantic Speciality Insurance and allegedly the renewal rights to the policies at issue – "renewed the policy drafted by Atlantic Mutual," FAC ¶ 2, and that the renewal was on "Atlantic Mutual forms issued by the OneBeacon defendants." *Id*., ¶ 6. Plaintiffs also assert that the OneBeacon defendants "shared resources" with Atlantic Mutual because the denial letter was issued on OneBeacon letterhead and signed by a OneBeacon Insurance Group examiner. *Id*., ¶ 2. These allegations, however, are insufficient to demonstrate that either of the OneBeacon defendants is an insurer under, or otherwise a party to, the original or renewed insurance policy.[3]

As noted above, plaintiffs do not attach a copy of the original or renewed policy. However, a review of the allegations in the original and amended Complaints, including the fact that plaintiffs admit the renewal was made on "Atlantic Mutual forms" as well as plaintiffs' admission that the "policies" were "signed by Atlantic Mutual's secretary Nancy E. Hadon and Atlantic Mutual President Kenneth C. Smith" indicate that Atlantic Mutual is the insurer. *See, e.g.*, FAC ¶¶ 6, 55. There are no facts alleging that either of the OneBeacon defendants was a party to the insurance policy or its renewal.[4]

Plaintiffs cite no case law in support of their argument that a company who is allegedly "responsible" for an insurance policy renewal, or one who allegedly issued the forms used for the policy,

---

[3] To support their assertion that the OneBeacon defendants bought the Atlantic Mutual policies at issue, and to support their argument that OneBeacon should not be able to play a "shell game" as to ownership of the policies at issue here, plaintiffs rely on two sources. The first is *Centillium Communs. v. Atl. Mut. Ins. Co.*, 528 F. Supp. 2d 940 (N.D. Cal. 2007). The second are emails from an Atlantic Mutual claims administrator responding to a request for information concerning OneBeacon's obligations to assume the handling of "various commercial lines" for Atlantic Mutual. *See* Smith Declaration, Exs. A & B. On ruling on this motion to dismiss, the Court cannot look to the truth of the matters asserted in the *Centillium* case or the "facts" in the emails, as those are matters outside the scope of the FAC. However, even if they were proper subjects for judicial notice, they do not support plaintiffs. The *Centillium* case dealt with a dispute over an insurance policy issued by Atlantic Mutual Specialty Insurance Company (AMSIC), where the parties eventually admitted that AMSIC was purchased by "OneBeacon Insurance," and the parties stipulated to an amended complaint naming AMSIC as a defendant. Here, Atlantic Mutual who issued the policy and renewal is already a defendant. Further, the emails do not indicate that the Atlantic Mutual claims administrator actually found any information that the policies at issue were included in the "various commercial lines" that OneBeacon assumed the handling of, only that he was looking.

[4] It is important to note, that unlike in *Delos*, *supra*, plaintiffs do not allege that they cannot be made whole on their claims by Atlantic Mutual.

or one who played a role in denying coverage, can be held liable under a breach or implied covenant theory where they are not a party to the insurance contract.

For the foregoing reasons, the OneBeacon defendants' motion to dismiss plaintiff's first and second claims for breach of contract and breach of the implied obligation of good faith and fair dealing is GRANTED with prejudice.

**2.      Promissory Fraud and Fraudulent Misrepresentation**

With respect to the fraud claims, because the claims in the Complaint turned on alleged promises and misrepresentations made to FrontBridge when the Policy was initially drafted, the Court dismissed the claims with respect to the OneBeacon defendants. Plaintiffs were instructed, that if they chose to amend, they would need to explain facts showing how OneBeacon could be responsible for the fraud alleged.

In the FAC, plaintiffs assert, with respect to the third cause of action (promissory fraud), that "Defendants, through the initial drafting of the Atlantic Mutual Insurance Company policy, and the adoption and use of that policy by Defendants OneBeacon Insurance Company and OneBeacon Insurance Group Limited for renewal on June 5, 2004, after acquisition of Atlantic Mutual, expressly and intentionally misrepresented to the Plaintiffs that Defendants intended to provide the benefits and defense and indemnity against claims for disparagement under the "personal and advertising injury" coverage of the policy. FAC ¶ 49. With respect to the fourth cause of action (fraudulent misrepresentation), plaintiffs continue to allege that the representations made to plaintiffs that certain coverage was provided in the initial and renewed policies were false. *Id.*, ¶ 56.

However, the only *facts* regarding the fraudulent conduct refer to the drafting and terms of the Atlantic Mutual Insurance Company "policies." FAC ¶ 49, 55. The only individuals who are identified as having made misrepresentations are Atlantic Mutual secretary Nancy E. Hadon and Atlantic Mutual president Kenneth C. Smith. *Id*, ¶¶ 49, 55. While plaintiffs assert generally that the misrepresentations were "restated" by the OneBeacon defendants at the time of the policy's renewal on or about June 5, 2004, they allege no facts that either of the OneBeacon defendants signed the renewal. In fact, plaintiffs' subsequent admission that the both the original and renewal policies were "Atlantic Mutual

Insurance Company policies" signed by Ms. Hadon and Mr. Smith, would undercut any such assertion. *See* FAC ¶ 55. Plaintiffs do not allege any facts that any OneBeacon defendant reviewed the policy or made any representations to plaintiffs whatsoever.

In absence of any factual allegations that the OneBeacon signed the renewal policy or made any representations to plaintiffs, this claim fails to meet the heightened pleading standard required for fraud claims under Federal Rule of Civil Procedure 9(b).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS the OneBeacon defendants' motion to dismiss with prejudice.

**IT IS SO ORDERED.**

Dated: August 30, 2010

SUSAN ILLSTON
United States District Judge